UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENTIUM CAPITAL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAMARAH INVESTMENT, LLC, a Colorado limited liability company dba LA QUINTA INN & SUITES, SHAMA NAZ, an individual.<br><br>Defendants. | No.  2:20-cv-1323 JAM DB PS<br><br><br><u>ORDER</u> |

Defendant Shama Naz is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 9, 2021, the matter came before the undersigned for hearing of plaintiff's motion for default judgment pursuant to Local Rule 302(c)(1). (ECF No. 21.) Attorney Andrew Alper appeared via Zoom on behalf of the plaintiff. And defendant Shama Naz appeared via Zoom on her own behalf. Several issues were raised at the April 9, 2021 hearing.

In this regard, the topic of an early settlement conference was addressed. At the April 9, 2021 hearing plaintiff's counsel raised concerns that a settlement would require defendant Samarah Investment LLC to obtain representation so that plaintiff could obtain a stipulated

1

1  judgment to avoid having to file a new lawsuit in the event of a failure to adhere to the terms of
2  any settlement agreement.

3  While it is true that defendant Shama Naz can only represent herself, as plaintiff's counsel
4  acknowledged at the April 9, 2021 hearing, it is defendant Naz that is the guarantor of the loans
5  for defendant Samarah Investment LLC.  Moreover, if plaintiff agreed to a settlement with
6  defendant Naz, and placed the terms of that settlement on the record in this court, plaintiff would
7  not need to file a new lawsuit to enforce compliance by defendant Naz with the settlement
8  agreement.  Plaintiff would simply file a motion to enforce the settlement agreement.  See Sehic
9  v. Anderson, 668 Fed. Appx. 271, 271 (9th Cir. 2016) ("The district court did not abuse its
10 discretion by enforcing the terms of the oral settlement agreement the parties reached on May 24,
11 2013.  The agreement was complete and uncomplicated, and both parties acknowledged their
12 agreement to the terms on the record.  After reaching the agreement, the parties came into open
13 court and announced that there was a settlement.  The settlement contained agreement as to all
14 material terms, which terms were put on the record."); Kelly v. Wengler, 822 F.3d 1085, 1095
15 (9th Cir. 2016) ("district court had ancillary jurisdiction to enforce the settlement agreement, the
16 terms of which were incorporated into the district court's dismissal order").

17 Moreover, it is clear from defendant Naz's repeated appearances at hearings and
18 oppositions to plaintiff's motions for default judgment that defendant Naz seeks to avoid default
19 judgment.  To do so, defendant Naz must file a motion seeking to set aside entry of default.  At
20 the April 9, 2021 hearing, plaintiff's counsel expressed disbelief that defendant Naz could satisfy
21 the requirements of Federal Rule of Civil Procedure "60(b)."  Rule 60(b), however, is not the
22 applicable rule

23 In this regard, "Rule 55(c) provides that a court may set aside a default for 'good cause
24 shown.'"  Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925
25 (9th Cir. 2004) (quoting Fed. R. Civ. P. 55(c)).  "To determine 'good cause', a court must
26 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in
27 culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3)
28 whether reopening the default judgment would prejudice' the other party."  U.S. v. Signed

1   Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting

2   Franchise Holding II, 375 F.3d at 925-26).

3         "Neglectful failure to answer as to which the defendant offers a credible, good faith

4   explanation negating any intention to take advantage of the opposing party, interfere with judicial

5   decision making, or otherwise manipulate the legal process is not 'intentional[.]'" TCI Group

6   Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), overruled on other grounds by

7   Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001).  And "[a]ll that is necessary to

8   satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would

9   constitute a defense[.]"  U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d

10  1085, 1094 (9th Cir. 2010) (quoting TCI, 244 F.3d at 700); see also In re Stone, 588 F.2d 1316,

11  1319 n.2 (10th Cir. 1978) ("the purpose of the requirement is to show the trial court that a

12  sufficient defense is assertible").  "To be prejudicial, the setting aside of a judgment must result in

13  greater harm than simply delaying resolution of the case.  Rather, 'the standard is whether

14  [plaintiff's] ability to pursue his claim will be hindered.'" TCI, 244 F.3d at 701 (quoting Falk

15  739 F.2d at 463).  Moreover, "[o]ur rules for determining when a default should be set aside are

16  solicitous towards movants, especially those whose actions leading to the default were taken

17  without the benefit of legal representation."  Mesle, 615 F.3d at 1089.

18        As suggested by plaintiff's counsel at the April 9, 2021 hearing, the undersigned will hold

19  off on reaching plaintiff's motion for default judgment to allow for resolution of the issue of

20  settlement.  However, at the April 9, 2021 hearing plaintiff's counsel was advised of an apparent

21  discrepancy between the factual allegations of plaintiff's briefing and evidence before the court.

22  In this regard, the complaint and the motion for default judgment repeatedly allege that

23  defendants "failed to make the monthly payments due for December 2019, and each month

24  thereafter."  (Compl. (ECF No. 1) at 3, 5, 7; Pl.'s MDJ (ECF No. 16-1) at 5, 6, 7.)  The complaint

25  cites to "Exhibit 4" in support of this factual allegation.  (Compl. (ECF No. 1) at 3.)

26        Exhibit 4, however, is a "NOTICE OF ACCELERATION" dated April 2, 2018—over a

27  year prior to the alleged failure to pay in December of 2019.  (Id. at 19-21.)  When questioned

28  about this at the April 9, 2021 hearing, plaintiff's counsel noted that a declaration offered in

1 support of the motion for default judgment states that defendants failed to make payments
2 beginning in December of 2019.  And that is true.
3      The declaration of Anthony Campisciano, plaintiff's Vice President, declares that
4 defendants "failed to make the monthly payment due for December, 2019, and each month
5 thereafter[.]"  (Campisciano Decl. (ECF No. 16-3) at 10.)  That statement, however, is supported
6 by citation to Exhibit 13, which is the same April 2, 2018 Notice of Acceleration cited by the
7 complaint.  (Id. at 10, 52.)
8      Moreover, exhibits offered by plaintiff in support of the motion for default judgment
9 appear to reflect that the defendants made monthly payments through April of 2020.  (ECF No.
10 16-3 at 57, 64.)  That is consistent with an exhibit filed by defendant Naz showing what appears
11 to be monthly payments to plaintiff in the amount of $6,000 from December 24, 2018, through
12 March 23, 2020.  (ECF No. 12-1 at 2.)
13      Plaintiff is advised that in evaluating a motion for default judgment, the undersigned must
14 consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) *the sufficiency of the complaint*, (4) the sum of money at stake in the action; (5) t*he possibility of a dispute concerning material facts*; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (emphasis added).  If plaintiff
determines that it is necessary to amend the complaint and/or the motion for default judgment,
any amended filing would need to be served upon the defendants.  And the filing of an amended
complaint would moot the entry of defendants' default, would require service upon the
defendants, and defendants would be permitted to file responsive pleadings.  See Lucas v.
DeSilva Automotive Services, Case No. 1:16-cv-790 MRB SKB, 2018 WL 1558866, at *2 (S.D.
Ohio Mar. 31, 2018) ("Numerous courts have held that an amended complaint becomes operative
upon filing, thus mooting a clerk's prior entry of default."); Nelson v. Nationwide Mortg. Corp.,
659 F.Supp. 611, 615 (D. D.C. 1987).

28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. On or before **April 30, 2021**, plaintiff shall file a statement indicating whether plaintiff wishes to have a settlement conference held in this action before another Magistrate Judge; and

2. On or before **May 14, 2021**, defendant Naz shall file a motion to set aside entry of default, if defendant Naz wishes to avoid default judgment.[1]

Dated: April 11, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\ascentium1323.oah.040921

---

[1] In drafting this motion defendant Naz shall consult the Federal Rules of Civil Procedure and the Local Rules.

5